FILED
2003 MAR -7 PM 4:27
U.S. D[ISTRICT COURT]
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| BRANDI BOSCH and BRANDI PARKER, | ) |
| Plaintiffs, | ) |
| v. | ) CIVIL ACTION NO. 03-AR-0463-S |
| TITLE MAX, INC., | ) |
| Defendant. | ) |

### ANSWER OF DEFENDANTS TITLEMAX OF TUSCALOOSA, INC., AND TITLEMAX #2 OF TUSCALOOSA, INC.

COME NOW the defendants in the above-styled action, TitleMax of Tuscaloosa, Inc., and Titlemax of Tuscaloosa #2, Inc., erroneously designated as TitleMax, Inc., in the above-styled action ("Defendants"), for and in answer to the above Complaint, and says as follows:

1. Answering paragraph one of the plaintiff's complaint, Defendants are without information sufficient to affirm or deny whether Plaintiff Bosch is a citizen of Alabama, deny that Bosch was employed by TitleMax, Inc., and deny the remaining allegations of this paragraph.

2. Answering paragraph two of the plaintiff's complaint, Defendants are without information sufficient to affirm or deny whether Plaintiff Parker is a citizen of Alabama, deny that Parker was employed by TitleMax, Inc., and deny the remaining allegations of this paragraph.

3. Answering paragraph three of the plaintiff's complaint, Defendants deny that a corporation named TitleMax, Inc. employed the plaintiffs, and denies the remaining allegations of the paragraph.

1077281

4. Answering paragraph four of the plaintiff's complaint, Defendants deny that Plaintiff Bosch was employed as a full-time employee of Titlemax, Inc., and deny the remaining allegations of this paragraph.

5. Answering paragraph five of the plaintiff's complaint, Defendants deny that Plaintiff Parker was employed as a full-time employee of Titlemax, Inc., and deny the remaining allegations of the paragraph.

6. Answering paragraph six of the plaintiff's complaint, Defendants deny the allegations of the paragraph.

7. Answering paragraph seven of the plaintiff's complaint, Defendants deny the allegations of the paragraph.

8. Answering paragraph eight of the plaintiff's complaint, Defendants affirmatively aver that plaintiffs were exempt from the overtime provisions of the Fair Labor Standards Act, and deny the remaining allegations of the paragraph.

9. Answering paragraph nine of the plaintiff's complaint, Defendants deny the allegations of the paragraph.

10. Answering paragraph ten of the plaintiff's complaint, Defendants reaver, reallege, and incorporate by reference their responses in paragraphs one through nine of the plaintiff's complaint.

11. Answering paragraph eleven of the plaintiff's complaint, Defendants affirmatively aver that plaintiffs were exempt from the overtime provisions of the FLSA, and deny the remaining allegations of the paragraph.

12. Answering paragraph twelve of the plaintiff's complaint, Defendants deny the allegations of the paragraph, and deny that plaintiff is entitled to any recovery.

13. Answering paragraph thirteen of the plaintiff's complaint, Defendants deny the allegations of the paragraph, and deny that plaintiff is entitled to any recovery.

14. Answering the prayer for relief in plaintiff's First Claim of Relief, Defendants deny the allegations that plaintiff is entitled to the relief sought, affirmatively aver that liquidated damages are not appropriate under the circumstances, and deny the remaining allegations of this paragraph.

15. Answering paragraph fourteen of the plaintiff's complaint, Defendants reaver, reallege, and incorporate by reference their responses to paragraphs one through fourteen.

16. Answering paragraph fifteen of the plaintiff's complaint, Defendants affirmatively aver that plaintiffs were exempt from the overtime provisions of the FLSA, and deny the remaining allegations of the paragraph.

17. Answering paragraph sixteen of the plaintiff's complaint, Defendants deny the allegations of the paragraph.

18. Answering paragraph seventeen of the plaintiff's complaint, Defendants deny the allegations of the paragraph, and deny that plaintiff is entitled to any recovery.

19. Answering paragraph eighteen of the plaintiff's complaint, Defendants deny the allegations of the paragraph, and deny that plaintiff is entitled to any recovery.

20. Answering the prayer for relief in plaintiff's Second Claim for Relief, Defendants deny the allegations that plaintiff is entitled to the relief sought, affirmatively aver that liquidated damages are not appropriate under the circumstances, and deny the remaining allegations of this paragraph.

## **AFFIRMATIVE DEFENSES**

### **FIRST DEFENSE**

Some or all of the complaint fails to state a claim upon which relief may be granted.

**SECOND DEFENSE**

Plaintiff is exempt from being paid overtime in accordance with 28 U.S.C. § 207 because plaintiff fell within the Executive Exemption to the Fair Labor Standards Act ("FLSA") Overtime Requirement.

**THIRD DEFENSE**

Plaintiff is exempt from being paid overtime in accordance with 28 U.S.C. § 207 because plaintiff fell within the Adminstrative Exemption to the Fair Labor Standards Act ("FLSA") Overtime Requirement.

**FOURTH DEFENSE**

Plaintiff is foreclosed from recovering time and one-half for any hours worked because he did not work hours in excess of forty hours within a given seven-day period.

**FIFTH DEFENSE**

In the alternative to the Second, Third, and Fourth Defense, any violation of Federal Overtime Requirements was undertaken in good faith and was not "willful" under the Portal to Portal Pay Act.

**SIXTH DEFENSE**

Defendants are not subject to the FLSA provisions that Plaintiff alleges were violated.

**SEVENTH DEFENSE**

At all times, Defendants acted in good faith and with reasonable grounds to believe that they were not violating the FLSA.

**EIGHTH DEFENSE**

Some or all of plaintiff's claims are foreclosed by issue preclusion and/or collateral estoppel.

**NINTH DEFENSE**

Some or all of plaintiff's claims are barred by the applicable limitations period and/or laches.

**TENTH DEFENSE**

All, or part, of the time for which plaintiffs seek compensation does not constitute compensable working time within the meaning of the Fair Labor Standards Act and applicable regulations.

**ELEVENTH DEFENSE**

Neither the plaintiffs, nor any of the plaintiffs' claims, are similarly situated to those persons they purport to represent in a collective or class action under Section 16(b) of the FLSA.

Respectfully submitted,

_____
K. Bryance Metheny      (MET011)
R. Frank Springfield    (SPR024)
Ronald W. Flowers, Jr.  (FLO031)
Attorneys for Defendants
TITLEMAX OF TUSCALOOSA, INC. AND
TITLEMAX #2 OF TUSCALOOSA, INC.

OF COUNSEL:

BURR & FORMAN LLP
3100 SouthTrust Tower
420 North 20th Street
Birmingham, Alabama  35203
Telephone: (205) 251-3000
Facsimile: (205) 458-5100

**CERTIFICATE OR SERVICE**

     I hereby certify that a copy of the foregoing has been served on the following by directing same to their office addresses through first-class, United States mail, postage prepaid, on this the 7th of March, 2003.

Kirby D. Farris
Farris, Riley, & Pitt, L.L.P.
Suite 200, Massey Building
2025 Third Avenue North
Birmingham, Alabama 35203
(205) 324-1212

OF COUNSEL

1077281

6