

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

BRANDI BOSCH, et al.,        }
                             }
     Plaintiffs,             }   CIVIL ACTION NO.
                             }   03-AR-0463-S
v.                           }
                             }
TITLE MAX, INC., et al.,     }
                             }
     Defendants.             }

**MEMORANDUM OPINION**

Before the court are three motions. Plaintiffs, Brandi Bosch and Brandi Parker ("plaintiffs"), filed two motions, a motion for leave to amend their complaint and a motion to compel production of responsive documents. Plaintiffs' proposed amended complaint includes a prayer for conditional certification of a collective action pursuant to section 216(b) of the Fair Labor Standards Act ("FLSA"). Defendants, TitleMax, Inc. and TitleMax of Tuscaloosa #2, Inc. ("TitleMax"), resist both the motion to compel and the amendment insofar as it would seek conditional certification. TitleMax also move to strike exhibits D and E from plaintiffs' motion to amend. However, TitleMax expressly consent to the filing of the amended complaint.

Plaintiffs' motion to compel concerns four production

requests.[1]  Through these requests plaintiffs seek "all payroll information ... concerning managers and assistant managers" of TitleMax, including their names, addresses, telephone numbers, social security numbers, and dates of employment.  Plaintiffs limit their requests to information regarding the past three years.  Although TitleMax provided responsive materials concerning the named plaintiffs, they withheld all other responsive information because "it is overly broad and unduly burdensome and is not rationally related to the claims made in plaintiffs [sic] complaint...." [Doc. #32, Ex.A].  TitleMax further objected to producing the names, addresses, telephone numbers, social security numbers, and dates of employment of their current and former employees as "confidential and sensitive in nature."  *Id*.  However, in TitleMax's response to plaintiffs'

---

[1] Requests for production numbers 15, 17, 23, and 30:

15. Please produce all payroll records, digitally if possible, for the past three years, for each manager and assistant manager employed by this Defendant.
17. Please produce any and all payroll information including but not limited to all weekly payroll calculations, payroll summary sheets and any and all "Historical Data" concerning managers and assistant managers payroll of each and every Title Max, Inc. location for the past three years.
23. Produce a list (or readable computer file) containing the name, address, phone number, and social security number for each and every manager and assistant manager employed formerly or currently by "Title Max" within the past three years.
30. For each manager and assistant manager employed by "Title Max" for the past three years, please produce, digitally if possible, the following:
   a. name;
   b. address;
   c. telephone number;
   d. social security number;
   e. dates of employment.

motion to compel, [Doc. #34], they solely assert that the requests "are not reasonably calculated to lead to the discovery of admissible evidence." TitleMax have abandoned their other objections and, consequently, those objections are waived.

TitleMax argue that plaintiffs have brought two individual FLSA actions, not the collective action that their discovery requests presuppose. In an individual FLSA action for failure to pay overtime compensation, the employer's treatment of other employees might be irrelevant to the liability and damages calculations of plaintiffs. *Cameron-Grant v. Maxim Healthcare Serv., Inc.*, 347 F.3d 1240, 1249 (11th Cir. 2003); *Brooks v. BellSouth Telecomm., Inc.*, 164 F.R.D. 561, 570-71 (N.D. Ala. 1995). Pleading a collective action pursuant to FLSA § 216(b) does not automatically imbue plaintiffs with authority to represent similarly situated plaintiffs. It is an "opt in" action. *Cameron-Grant*, 347 F.3d at 1248-49. TitleMax reason that the requests do not further plaintiffs' individual claims, their pattern-or-practice theory, or any willful violation allegations. The focal point of TitleMax's objections, however, is that the requests constitute a "fishing expedition" into matters beyond the individual claims currently before the court. The ruling on this objection may be determinative of the outcome.

TitleMax assert that plaintiffs misconstrue this court's June 23, 2003 order (Doc. #26), to permit discovery concerning a

possible collective action. TitleMax say that the court only extended plaintiffs 90 days to conduct discovery to "see if they can identify the proper defendants." TitleMax made this same argument in a September 23, 2003 memorandum. (Doc. #29). The court held a conference with the parties to address procedural and discovery problems; and afterwards entered what it thought was a clarifying order. (Doc. #31). TitleMax make passing reference to this order, but fail to grasp its import. There, this court ordered that "[p]laintiffs shall be allowed to engage in discovery as if collective action allegations **have been allowed**." Perhaps this language was obtuse, but the court meant to permit discovery of the names and addresses of putative plaintiffs, including managers and assistant managers of all "TitleMax" entities. *Hoffmann-LaRoche, Inc. v. Sperling*, 493 U.S. 165, 170 (1989) (Holding district court can order discovery regarding putative plaintiffs in an ADEA collective action).[2] Plaintiffs' motion to compel TitleMax to respond to requests 15, 17, 23, and 30 will be granted.

As stated above, TitleMax have consented to plaintiffs' filing of the amended complaint. Therefore, plaintiffs' motion for leave will be granted. However, plaintiffs also are asking

---

[2] The ADEA expressly incorporates 29 U.S.C. § 216(b) into its text. 29 U.S.C. § 626(b). "Plaintiffs wishing to sue as a class under ADEA must utilize the opt-in class mechanism provided in 29 U.S.C. § 216(b) instead of the opt-out class procedure provided in Fed.R.Civ.P. 23." *Hipp v. Liberty Nat'l Life Ins. Co.*, 252 F.3d 1208, 1216 (11th Cir. 2001).

for conditional certification of their collective action at this juncture. The Eleventh Circuit, in *Dybach v. State of Florida Department of Corrections,* 942 F.2d 1562 (11th Cir. 1991), set forth a two-part test for determining whether a FLSA collective action should be conditionally certified. Before notifying putative plaintiffs of their right to "opt-in" to the action, the court "should satisfy itself that there are other employees of the department-employer who desire to 'opt-in' and who are 'similarly situated' with respect to their job requirements and with regard to their pay provisions." *Id.* at 1567-68. TitleMax persuasively argue that plaintiffs have failed to meet this standard.

   For an opt-in class to be created under FLSA, a named plaintiff must be suing on behalf of himself and other "similarly situated" employees. 29 U.S.C. § 216(b). "'[P]laintiffs need show only that their positions are similar, not identical, to the positions held by the putative class members.'" *Grayson v. K Mart Corp.,* 79 F.3d 1086, 1096 (11th Cir. 1996) (quoting *Sperling v. Hoffman-La Roche, Inc.,* 118 F.R.D. 392, 407 (D.N.J.1988), *aff'd in part and appeal dismissed in part,* 862 F.2d 439 (3d Cir. 1988), *aff'd,* 493 U.S. 165 (1989)). "The first determination is made at the so-called 'notice stage,' where the court decides--usually based only on the pleadings and any affidavits which have been submitted--whether notice of the action should be given to

putative class members." *Hipp v. Liberty Nat'l Life Ins. Co.*, 252 F.3d 1208, 1218 (11th Cir. 2001) (quoting *Mooney v. Aramco Servs. Co.*, 54 F.3d 1207, 1213 (5th Cir. 1995). This determination is made using a fairly lenient standard, one "less stringent than that for joinder under Rule 20(a) or for separate trials under Rule 42(b)." *Grayson*, 79 F.3d at 1096.

Plaintiffs offer the affidavits of Trosky Davis and Brandi Bosch as evidence of the existence of other "similarly situated" employees. Both affidavits declare that "I worked in excess of forty hours in one work week. I did not receive any overtime compensation for the hours that I worked in excess of forty hours in one work week." (Doc. #33, Ex. D & E). However, plaintiffs have offered no evidence that any employee other than Davis and Bosch worked over forty hours and did not receive overtime compensation in accordance with FLSA. TitleMax, on the other hand, have offered affidavits from ten assistant managers and former assistant managers who have not worked over forty hours in a week and are not aware of any other assistant managers who have worked more than forty hours in a week. (Doc. #35, Ex. A-J). This makes little practical difference, because TitleMax move to strike the affidavits and have a good reason for doing so.

TitleMax object that the affidavits offered by plaintiffs are unsworn evidence that do not meet the requirements of 28 U.S.C. § 1746. Neither affidavit professes to have been sworn

to, and each states only that the affiant acknowledges his or her respective signature to the document. Nor does either affidavit state: "I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct." 28 U.S.C. § 1746(2). The affidavits are, therefore, outside the exception to unsworn evidence contained in 28 U.S.C. § 1746. TitleMax's motion to strike will be granted, and plaintiffs' motion for conditional certification will be denied.

   A separate and appropriate order will be entered.
   DONE this 8th day of January, 2004.

                                        _____
                                        WILLIAM M. ACKER, JR.
                                        UNITED STATES DISTRICT JUDGE