FILED
04 MAR -9 PM 3:53
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

BRANDI BOSCH, et al., }
}
    Plaintiffs, }   CIVIL ACTION NO.
}   03-AR-0463-S
v. }
}
TITLE MAX, INC., et al., }
}
    Defendants. }


ENTERED
MAR 09 2004

## MEMORANDUM OPINION

Before the court is the motion for protective order filed by defendants, Tracy Young, TitleMax Management, Inc., TitleMax of Georgia, Inc., TitleMax of Alabama, Inc., TitleMax of Tennessee, Inc., and TitleMax of South Carolina, Inc. (collectively "defendants"), in this action for overtime compensation. Plaintiffs' amended complaint asserts claims on behalf of the three named plaintiffs, Brandi Bosch, Brandi Parker, and Trosky Davis (collectively "plaintiffs"), and makes collective-action allegations pursuant to the Fair Labor Standards Act ("FLSA"). See 29 U.S.C. §§ 207, 216. This court previously denied plaintiffs' motion for a conditional class certification, but has given plaintiffs until July 16, 2004 to renew their motion. See (Doc. #38). In order to gather evidence to prove that conditional certification is warranted, plaintiffs intend to send letters to putative plaintiffs. See (Doc. #48, Ex. A & B). Defendants characterize these proposed letters as unauthorized

communications with their employees.

In this court, communication with persons represented by counsel is governed by Rule 4.2 of the Alabama Rules of Professional Conduct,[1] which provides:

> In representing a client, a lawyer shall not communicate about the subject of the representation with a party the lawyer knows to be represented by another lawyer in the matter, unless the lawyer has the consent of the other lawyer or is authorized by law to do so.

ALA. RULES OF PROF'L CONDUCT R. 4.2 (1991). When the represented party is a corporation or other organization, communication with some of the employees of the organization is also prohibited. Defendants argue that this prohibition precludes plaintiffs from contacting any of defendants' employees. Plaintiffs argue, in response, that the Rule has no application to plaintiffs' proposed letter and questionnaire.

Plaintiffs plan to send the letter on their counsel's letterhead to all of defendants' currently and formerly employed store managers and assistant managers. The letter describes the lawsuit, explains plaintiffs' allegations, and asks if the addressee is "interested in participating" in the case. Plaintiffs assert that the letter simply attempts to obtain discovery on the notice elements of their alleged collective

---

[1] Federal district courts apply the ethical standards of the state in which they sit. *In re Snyder*, 472 U.S. 634, 645 n.6 (1985). Local Rule 83.1(f) of the United States District Court for the Northern District of Alabama expressly adopts the Alabama Rules of Professional Conduct.

action. *See Hipp v. Liberty Nat'l Life Ins. Co.*, 252 F.3d 1208, 1218 (11th Cir. 2001) (describing evidence normally relied upon by district court at notice stage). Defendants argue that the letter is nothing but an unauthorized notice circumventing this court's denial of conditional certification and doing indirectly what the court has refused to allow.

Plaintiffs' letter is not a recognized form of discovery under the Federal Rules of Civil Procedure. Rather, it is more akin to some form of inadmissible information gathering; such informal contact is governed by the Rules of Professional Conduct. Defendants do not consent to this contact and, in fact vehemently oppose it. Therefore, it will be an impermissible contact if, under Rule 4.2, defendants represent the individual being contacted.[2]

It is easy to apply the Rule 4.2 prohibition to defendants' store managers. Defendants' store managers direct the day-to-day operations of the stores and frequently supervise at least one employee, an assistant manager. The comment to Rule 4.2 provides that communications with "persons having a managerial

---

[2] Plaintiffs argue that the communication "does not constitute an 'ex parte' communication" under Rule 4.2. (Doc. #48 at 10). This argument misreads Rule 4.2, which expressly requires plaintiffs' counsel to obtain "the **consent of**" defendants' counsel before contacting a represented employee. Communications are *ex parte* under Rule 4.2 when opposing counsel has not consented to the communication and no other law authorizes the communication. Defendants' counsel has not consented and plaintiffs are not authorized by law to contact such employees because this court has denied conditional certification.

responsibility ... and with any other person whose act or omission in connection with that matter may be imputed to the organization" is prohibited. Store managers fit squarely within this comment.

Plaintiffs argue that store managers are not management employees because they allegedly do not qualify as managers under the FLSA definition. This may be true for purposes of plaintiffs' claims for overtime compensation, but the FLSA definition does not control the meaning of "managerial" in the Alabama Rules of Professional Conduct. Because the Rules do not expressly contain a definition, the common usage of the term controls. *See Norfolk So. Ry. Co. v. Johnson*, 740 So. 2d 392, 396 (Ala. 1999); EDWARD F. HENNESSEY, JUDGES MAKING LAW 28 (1994).

"Managerial" is an adjective meaning "of, relating to, or characteristic of a manager." "Manager" is a noun meaning "one who conducts business ... affairs." WEBSTER'S NEW COLLEGIATE DICTIONARY 722 (9th Ed. 1991). Defendants' store managers fall within this definition. Furthermore, plaintiffs are attempting to impute liability to defendants through the store managers by proving that store managers scheduled assistant managers to work more than 40 hours without properly recording their time. Defendants' store managers, therefore, fall within both the managerial and the "imputed to the organization" phrases in the comment. Accordingly, plaintiffs' counsel cannot contact store managers

without the consent of defendants' counsel.

Assistant managers, however, do not fall within the phrases in the comment. Defendants have conceded that an assistant manager serves no managerial function. Assistant managers are directed by their respective store managers. Although they are given "much responsibility" and are being trained to become store managers (Doc. #46, Ex.C, Affidavit of Cahalan), they are not managers. Additionally, plaintiffs cannot use the assistant managers' acts to impute liability to defendants. The fact that an assistant manager worked more than 40 hours in a week does not create an FLSA violation. The violation occurs when the **store manager** fails to properly credit the assistant with the correct number of hours and when defendants fail to pay the assistant manager in accordance with 29 U.S.C. § 207.

Defendants nevertheless argue that plaintiffs cannot communicate with assistant managers or any other employees of defendants. This broad interpretation of Rule 4.2 is the law in several jurisdictions. *See, e.g., Weeks v. Ind. Sch. Dist. No. I-89*, 230 F.3d 1201, 1210-11 (10th Cir. 2000); *Orlowski v. Dominick's Finer Foods*, 937 F. Supp. 723, 728-29 (N.D. Ill. 1996). However, the Alabama Supreme Court and other jurisdictions have described Rule 4.2 as attaching only "when the corporation's liability will be predicated on the [employee's] actions." *Gaylard v. Homemakers of Montgomery, Inc.*, 675 So. 2d 363, 367

(Ala. 1996); see also *Messing, Rudavsky & Weliky, P.C. v. President & Fellows of Harvard College*, 764 N.E. 2d 825, 833-36 (Mass. 2002); *Fulton v. The Honorable Donald Lane*, 829 P.2d 959, 960 (Okla. 1992); *Wright by Wright v. Group Health Hosp.*, 691 P.2d 564, 568-69 (Wash. 1984). A 2003 Alabama State Bar Opinion held that "an attorney may communicate directly with an employee of a corporation without the consent of opposing counsel if the employee does not have managerial responsibility in the organization, has not engaged in conduct for which the organization would be held liable and is not someone whose statement may constitute an admission on the part of the organization." Ala. State Bar Op. RO-2002-03 *available at* 64 ALA. LAW. 26 (2003). Defendants' assistant managers do not come within this prohibition. Plaintiffs' counsel may contact them as permitted by the Rules.

   Defendants also seek an order prohibiting plaintiffs' counsel from contacting defendants' former employees. Any such prohibition would only apply to former store managers, because, as stated above, even current assistant managers are not within the Rule 4.2 prohibition. Neither Alabama Rule 4.2 nor Model Rule 4.2 expressly addresses *ex parte* communications with former employees not individually represented by counsel. Most ethics opinions have concluded that an attorney may communicate *ex parte*

with unrepresented former employees of a corporation.[3] Likewise, the Florida Supreme Court in *H.B.A. Management, Inc. v. Estate of Schwartz*, 693 So. 2d 541, 544-45 (Fla. 1997), held that Florida's Rule 4.2 does not prohibit an attorney from communicating *ex parte* with former employees of the defendant. The Florida court stated, "[i]n accord with the overwhelming majority of jurisdictions and bar ethics committees, we hold that Florida Rule of Professional Conduct 4-4.2, governing the contact by attorneys with persons represented by counsel, does not prohibit

---

[3] *See* ABA Standing Committee on Ethics and Prof. Resp., Formal Opinion Nos. 95-393 (July 28, 1995) & 91-359 (March 22, 1991); *see also* Alaska Ethics Opinion 88-3 (July 6, 1988) (former employees can no longer bind corporation, so ex parte communications do not violate rule against communications with adverse party); Alaska Ethics Opinion 91-1 (1991) (same); D.C. Opinion No., 287 (Jan. 19, 1999) (Lawyer may contact unrepresented former employee of corporation without consent of the corporation's lawyer. Prior to any substantive communication, the lawyer must disclose to former employee the lawyer's identity and fact that he/she represents interests adverse to the employee's former employer. During the communication, the lawyer cannot attempt to solicit privileged information of the corporation.); Florida Ethics Op. 88-14 (lawyer can contact former employees who have not maintained any ties to corporation); Kentucky Bar Assn Opinion No. E-381 (ex parte communications with unrepresented former employees of the organizational party is not a violation of Rule 4.2); Mississippi Opinion No. 215 (1994) (in representing a client a lawyer may ethically communicate, ex parte, with an unrepresented individual that was formerly employed by a represented party; however, the attorney has an affirmative duty to clear up any misunderstanding by the unrepresented party about the lawyer's role); Ohio Sup. Ct. Bd. Comm. Griev. Disp. No. 96-1 (attorney permitted ex parte communication with former employee of corporation so long as attorney notifies the former employee that (1) litigation was pending, (2) their participation in the interview was voluntary, (3) that their former employer was represented by counsel, (4) that such counsel could be contacted for further information, (5) that the employee may be represented by his or her own counsel, and (6) that the employee may not reveal any attorney-client communications); South Carolina Bar Opinion No. 01-01 (2001) (attorney may contact former employees of corporation so long as former employee is not represented by counsel and attorney fully discloses the nature of the matter and the purpose of the contact; attorney must be careful not to elicit privileged or confidential information of corporation); Tex. R. Prof. Conduct, Rule 4.02 (former employees of the corporation not within scope of ex parte communication prohibition, even if former employee was a manager or supervisor or a person whose act or omission is the basis for the claimed liability against the corporation).

a claimant's attorney from engaging in ex parte communications with former employees of a defendant-employer." *Id.* at 541. This court is not inclined to extend the Rule 4.2 prohibition to former store managers in the face of this overwhelming persuasive authority.[4]

An order consistent with this opinion will be entered separately.

DONE this 9th day of March, 2004.

WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE

---

[4] Defendants rely on *Rentclub, Inc. v. Transamerica Rental Fin. Corp.*, 811 F. Supp 651, 657-58 (M.D. Fla. 1992), and the authorities cited therein, for their argument that the Rule 4.2 prohibition extends to former employees. However, their argument neglects to address the majority view. *Rentclub* was decided before the Florida Supreme Court's decision in *H.B.A. Management*. Furthermore, the issue in *Rentclub* was whether an attorney should be disqualified based on his past communications with a former employee of the corporate party, not whether informal communication should be permitted in the first instance.