IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

BRANDI BOSCH, et al.,               }
                                    }
     Plaintiffs,                    }   CIVIL ACTION NO.
                                    }   03-AR-0463-S
v.                                  }
                                    }
TITLE MAX, INC., et al.,            }
                                    }
     Defendants.                    }

**MEMORANDUM OPINION**

Before the court are three motions.[1] Plaintiffs, Brandi Bosch and Brandi Parker ("plaintiffs"), filed a second motion for conditional class certification and court assisted notice under §216(b) of the Fair Labor Standards Act ("FLSA"). Defendants, Tracy Young, Title Max, Inc., and Title Max of Alabama (collectively "TitleMax"), responded with a motion to strike plaintiffs' exhibits B, D, and E (TitleMax's motion to strike unsworn affidavits) from plaintiffs' motion for conditional class certification. These first two items are so intertwined that they will be addressed together. Third, TitleMax has moved the court to strike plaintiffs' expert disclosures and preclude the

---

[1] There are at least two other motions/objections pending, both of which are secondary to plaintiffs second motion for class certification. Thus, defendants' motion to strike unsupported argument in plaintiffs' response and defendants' objection to plaintiffs' proposed notice are not ignored or forgotten, but are simply not ultimately relevant to the disposition of the issue being expressly addressed.

1

testimony of plaintiffs' expert.

### TitleMax's Motion to Strike Unsworn Affidavits

TitleMax objects to the production of twenty-one affidavits offered by plaintiffs. The ground asserted is that the affidavits are unsworn and do not meet the requirements of 28 U.S.C. § 1746. None of the affidavits profess to have been sworn to, and each states only that the affiant acknowledges his or her respective signature to the document. Nor does any affidavit state: "I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct." 28 U.S.C. § 1746(2). The purported affidavits do not use any of the language suggested by the Code, and in no way evince any intent by the affiants to present their testimony under oath, as would be required in a court.[2] Mere submission of a document calling itself an *affidavit* does not make it an affidavit.[3] It is simply not "*obvious*" that because the affidavits were given voluntarily the affiants were

---

[2]The continuing failure of plaintiffs to present any affidavits under oath is very puzzling given the relative ease with which such an oath or penalty of perjury declaration could be made.

[3]Plaintiffs' argument boils down to an assertion that because the documents are labeled as "affidavits," and affidavits are sworn witness statements, then these "affidavits" must also be sworn statements. Plaintiffs' bout with circular logic lead the court to the opposite conclusion. Because these submissions are not sworn statements, and affidavits are by definition sworn statements, the statements attached to the motion are in fact *not affidavits*. Nothing in the presented declarations, beyond their title of "Affidavit", indicates that these submissions were sworn statements.

2

testifying by oath or affirmation. The "affidavits" are, therefore, outside the exception to unsworn evidence contained in 28 U.S.C. § 1746.  TitleMax's motion to strike will be granted, and plaintiffs' connected motion for conditional certification will be denied. The court need not express itself on whether conditional certification would have been granted if the "affidavits" had really been affidavits.

This is not the first time in this case that plaintiffs have presented "affidavits" in this form. In its memorandum opinion of January 8, 2004 this court struck several affidavits produced by plaintiffs in the exact same form.  Plaintiffs cries of prejudice fall on deaf ears. Any "prejudice" resulting from today's order falls squarely on plaintiffs for failing to adjust the form of their evidentiary submissions after they were thrown out once before.[4] Further, any hypothetical prejudice is extremely limited because no future similar plaintiff is bound by the decision in this case. Any employee left out because of a failure to certify a conditional class is still free to file her own suit against TitleMax. TitleMax's motion to strike will be granted, and plaintiffs' affidavits attached to its motion for conditional class certification will accordingly be stricken.

---

[4]Plaintiffs' have obviously finally seen the error of their choice. In their response to the motion to strike expert disclosures, plaintiffs use an affidavit submitted "under penalty of perjury."

3

**Plaintiffs' Motion for Conditional Certification**

Plaintiffs ask this court to conditionally certify their collective action. The Eleventh Circuit, in *Dybach v. State of Florida Department of Corrections*, 942 F.2d 1562 (11th Cir. 1991), set forth a two-part test for determining whether a collective action under the FLSA should be conditionally certified. Before notifying putative plaintiffs of their right to "opt-in" to the action, the court must find (1) that there are other employees of the employer who wish to "opt-in," and (2) that these employees are "similarly situated" with respect to both their job requirements and their pay. *Id.* at 1567-68.[5]

For an opt-in class to be created under the FLSA, a named plaintiff must be suing on behalf of himself and other "similarly situated" employees. 29 U.S.C. § 216(b). "'[P]laintiffs need show only that their positions are similar, not identical, to the positions held by the putative class members.'" *Grayson v. K Mart Corp.*, 79 F.3d 1086, 1096 (11th Cir. 1996) (quoting *Sperling v. Hoffman-La Roche, Inc.*, 118 F.R.D. 392, 407 (D.N.J.1988), *aff'd in part and appeal dismissed in part*, 862 F.2d 439 (3d Cir. 1988), *aff'd*, 493 U.S. 165 (1989)). "The first determination is

---

[5]TitleMax suggests that the test is actually a three part test. They would require that other possible plaintiffs be "aggrieved." Injury in fact, as always, is required for standing as a plaintiff before this court, but it is not necessary to restate it as a part of the test for conditional class certification.

4

made at the so-called 'notice stage,' where the court decides--usually based only on the pleadings and any affidavits which have been submitted--whether notice of the action should be given to putative class members." *Hipp v. Liberty Nat'l Life Ins. Co.*, 252 F.3d 1208, 1218 (11th Cir. 2001) (quoting *Mooney v. Aramco Servs. Co.*, 54 F.3d 1207, 1213 (5th Cir. 1995). This determination is made using a fairly lenient standard, one "less stringent than that for joinder under Rule 20(a) or for separate trials under Rule 42(b)." *Grayson*, 79 F.3d at 1096. The "lenient standard" is premised on a belief that at early stages of litigation plaintiffs have not "had an opportunity to conduct discovery with respect to defendant's policies and procedures" *Davis v. Charoen Pokphand (USA), Inc.*, 303 F.Supp.2d 1272, 1276 (M.D. Ala. 2004) (Thompson, J.).

Some district court cases within the Eleventh Circuit suggest that after substantial discovery has been held, a court should "apply a more rigorous standard than that called for by Hipp." *Davis*, 303 F.Supp.2d at 1276. *See White v. Osmose, Inc.*, 204 F.Supp.2d 1309, 1313 n.2 (M.D. Ala. 2002) (Albritton, C.J.); *see also Brooks v. BellSouth Telecommunications, Inc.* 164 F.R.D. 561, 566 (N.D. Ala. 1995) (Blackburn, J.) (considering motion for conditional certification in light of extensive discovery). Given the volume of discovery undertaken in this case, this court should "carefully consider" whether a collective action in this

5

case would further the broad remedial goals of FLSA and further judicial economy. *White*, 204 F.Supp.2d at 1313 n. 2.

Plaintiffs' motion for conditional class certification fails because plaintiffs have produced no admissible evidence that any other employees wish to opt-in. The first requirement of conditional class certification is satisfaction of the court that there are other employees who "desire to opt-in." *Dybach*, 942 F.2d at 1567-8. Even under the lenient *Hipp* standard, a plaintiff has the burden to produce evidence that other plaintiffs wish to opt-in. Evidence that other employees wish to opt-in can be presented in a variety of ways. *See, for example, Harper's v. Lovett's Buffet, Inc.*, 185 F.R.D. 358, 362 (M.D. Ala. 2003) (Albritton, C.J.); *Barron v. Henry County School Sys.*, 242 F.Supp.2d 1231, 1236 (M.D. Ala. 2003) (Albritton, C.J.) (allowing expert evidence on the existence of "similarly situated" employees who could opt-into the action).

The only thing in this case that might reflect the existence of other employees who wish to opt-in is the stricken affidavit of Kristi Butler.[6] No other evidence presented suggests that any

---

[6] Exhibit E to plaintiffs' motion. The court does not reach the question of whether or not Ms. Butler's affidavit presents a hearsay problem, but it almost certainly does. The markings on the questionnaire are out of court statements. Plaintiffs argue that Ms. Butler is merely testifying as to the results marked on each questionnaire, not the truthfulness of the markings. However, in order to be helpful to plaintiffs on this point, the "affidavit" would have to show that in fact there are other employees who wish to opt in. Thus, plaintiff would present these

other employees currently wish to opt-in to the case.[7] A failure to present any evidence at all that other plaintiffs are interested in opting-in to the case leaves the court with little choice. *Davis*, 303 F.Supp. at 1277 (finding that testimony that at least 12 other employees were unhappy with the specific policies at issue, and that these employees would join the lawsuit was *insufficient* to support a class certification, without affidavits or consents from "would-be class members"). Where there is a lack of evidence to support a finding that other employees are interested in opting in to the litigation, a court has "no choice but to deny the Plaintiffs' motion for conditional certification." *See* plaintiffs' response to defendants' opposition at 3 (discussing the decision in *Davis*). Because plaintiffs have not met their burden of proving that other plaintiffs wish to opt-in,[8] the court does not reach the issues

---

out of court statements as proof of the fact of what they assert, namely, that other employees wish to opt in to the suit. Plaintiffs suggest no exception to the hearsay rule into which these out of court statements might fit, and therefore, none are considered.

[7] The "affidavits" from the 21 managers and assistant managers, while perhaps suggesting a similarity of situation, *do not declare the intention of any party to opt in to the conditional class*. Thus, even if these affidavits were admissible, they provide no real help for plaintiffs on this point.

[8]This is true under either the more lenient *Hipp* standard for class certification, or under a standard for conditional certification as advanced in cases like *Davis*, among others. This court does not commit to one approach or another because it is

of similar situation or possible conflict of interest between managers and assistant managers.

**Motion to Strike Plaintiffs' Expert Disclosures and Testimony**

TitleMax asks the court to strike plaintiffs' expert disclosures (the disclosures of Win Crowder) because they are insufficient to meet the standards of Rule 26(a)(2)(B). Further, TitleMax requests the court to bar Crowder from testifying because the time has passed for expert disclosures.

Plaintiffs' expert disclosure clearly does not fulfill the requirements of Rule 26(a)(2)(B). Plaintiffs' submission only discloses the name, Win Crowder, and profession, CPA, of its expert. Other than that, plaintiffs' disclosure only notes that it is "expected that Mr. Crowder will offer opinions concerning the amount of compensable overtime wages for the individual plaintiffs." Rule 26(a)(2) operates to minimize unfair surprise and prejudice due to unclear, or incomplete disclosures. *Chapple v. Alabama*, 174 F.R.D 698, 699-700 (M.D. Ala. 1997)(Carroll, J.). In furtherance of that goal, expert disclosures should be as specific and detailed as possible. *Id*. *See also* Rule 26(a)(2) (setting forth a number of specific requirements). Mere notice of the expert's name is not enough. *Prieto v. Malgor*, 361 F.3d 1313, 1317 (11th Cir. 2004). The disclosure here is patently incomplete with regard to "all opinions to be expressed and the basis and

---

not necessary to do so here.

8

reasons therefore," among other required disclosures. Plaintiffs do not seem to argue that their disclosure is enough to comply with Rule 26. After reviewing the disclosure, the court concludes that the disclosure does not comply with the requirements of Rule 26.

Plaintiffs, however, argue that if TitleMax's motion to strike the disclosure is granted it does not operate to bar the expert's testimony. Both parties seem to treat the motion to strike and to preclude expert testimony as a motion for preclusion of the testimony under Rule 37(c) of the Federal Rules. Rule 37 provides that a party will not be able to use evidence that was required to be disclosed, at trial unless the failure to disclose was **harmless or with substantial justification**. Fed. R. Civ. P 37(c)(1). Substantial justification is

> "justification to a degree that could satisfy a reasonable person that parties could differ as to whether the party was required to comply with the disclosure request. The proponent's position must have a reasonable basis in law and fact. The test is satisfied if there is a genuine dispute concerning compliance."

*Chapple*, 174 F.R.D at 701, quot*ing Nguyen v. IBP, Inc.*, 162 F.R.D. 675, 680 (D.Kan. 1995), *citing Pierce v. Underwood*, 487 U.S. 552 (1980). The burden of establishing either substantial justification or harmlessness falls on the party who failed to

make the required disclosure. *Chapple*, 174 F.R.D. at 701, n.3; see also *Nguyen*, 162 F.R.D. at 680. The court finds that plaintiffs have established substantial justification in this case. As plaintiffs note, the motion for class certification has been hotly contested by both sides. Plaintiffs had a reasonable basis for waiting until a ruling on their motion for class certification before filing a final expert disclosure. Given Crowder's affidavit (properly attested to under penalty of perjury, no less), it seems clear that a complete expert report filed before this ruling could have been wasteful or possibly redundant. If the motion for conditional class certification had been granted, the expert reports previously submitted would have been essentially worthless to TitleMax in preparation for trial. While plaintiffs certainly could have disclosed more completely, the outstanding motion for conditional class certification rendered any information included in an expert report uncertain at best. Hence, there was a reasonable justification for filing such an incomplete report.

Failure to disclose is considered "harmless" where there is no substantial prejudice to the party entitled to receive the disclosure. *Chapple*, 174 F.R.D. 698 (finding no prejudice where expert witness was well known to other party). Precluding relevant expert testimony under Rule 37(c) is a serious step, not undertaken where the other party is not severely disadvantaged by

10

the inadequacy or delay in disclosure. It was clear to TitleMax that the outcome of the motion for class certification would affect the nature of expert testimony. In fact, if class certification had been allowed in this case, the plaintiffs' expert would certainly have had to change and adjust his report in light of the new plaintiffs entering, no matter how thorough and detailed the original report was. TitleMax claims that it will be prejudiced because the time period for discovery has passed and they still have no idea what plaintiffs' expert witness is going to say. Plaintiffs argue persuasively that a denial of their motion for class certification will remove the possibility of severe prejudice and will make their inadequate disclosure harmless. TitleMax correctly points out that regardless of the outcome of the class certification, plaintiffs present no justification for their lack of disclosure with regard to the two named plaintiffs. However, the standard for concluding that the expert testimony should be barred is whether or not there was substantial justification for the inadequacy. With only two plaintiffs, months to prepare for trial and a previously expected and named expert, any prejudice to TitleMax should be minimal.  With only two plaintiffs remaining, both the expert and TitleMax should be able to adequately prepare reports and defenses for trial in a quick and timely manner. Given the extensive discovery done by both sides (as noted profusely by

TitleMax), defendants are not likely to be surprised by the testimony of this expert, who, after all, is a certified public accountant. This is not a case of incredibly esoteric thermodynamics testimony, or even of medical expert testimony, where many varying and sophisticated opinions make length preparation and planning for defense advisable. Severe prejudice from the testimony of an accountant about damages suffered by two plaintiffs seems unlikely.

Because plaintiffs' failure to disclose any more than the expert's name, occupation and the general subject matter of his expected testimony was relatively harmless to TitleMax, the motion to preclude testimony by the expert will be denied. However, if plaintiffs' expert disclosures are not promptly supplemented in light of the denial of their motion for certification, TitleMax remains free to resubmit its motion to preclude the testimony of expert witness, Win Crowder. If upon supplementation of plaintiffs' expert report, TitleMax is unable to respond in an appropriate manner as a result of plaintiffs' delay, the court will remain open to refiled motions.

## Conclusion

The court, by separate order, will grant defendants' motion to strike affidavits, will deny plaintiffs' motion for conditional class certification, and will deny defendants' motion to strike and preclude expert testimony.

DONE this 25th day of August, 2004.

*[signature]*

WILLIAM M. ACKER, JR.

UNITED STATES DISTRICT JUDGE