FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

BRANDI BOSCH,                      }
                                   }
        Plaintiff,                 }
                                   }      CIVIL ACTION NO.
v.                                 }      03-AR-0463-S
                                   }
TITLE MAX OF ALABAMA, INC.,        }
                                   }
        Defendant.                 }

### MEMORANDUM OPINION

The above-entitled FLSA wage case was ostensibly settled on May 4, 2005.  At that time plaintiff, Brandi Bosch, accepted the Rule 68 offer made by defendant, Title Max of Alabama, Inc., in the sum of $5,104.32, expressly leaving to the court the hard job of fixing any attorney's fee and expenses to which she may be entitled.  Predictably, there is a drastic difference of opinion between plaintiff and defendant over the amount to be awarded.  The level of disagreement over plaintiff's attorney's fees and expenses equals or exceeds the level of disagreement over the disputed wages themselves.  In her post-judgment petition for attorneys' fees and expenses, plaintiff claims $38,337.98.  Defendant challenges the reasonableness of the hourly rate of $275.00 sought by plaintiff's lawyer, challenges the reasonableness of, and the necessity for, the lawyer-hours spent, wants to eliminate the lawyer time spent on the unsuccessful aspects of the case, and points to the giant disparity between the modest amount actually recovered and the attorneys' fees and expenses sought.  Defendant has offered no

evidence of what constitutes a reasonable hourly rate for plaintiff's attorney, and has made no suggestion as to the actual amount to which plaintiff is entitled.  If defendant believes that plaintiff is entitled to no attorney's fee whatsoever, it has not made itself clear on that point.  It certainly has not justified any such position, choosing, instead, to rely on plaintiff's alleged failure to meet the burden of proof on this issue.

The court could, as it has done in a very few other instances, write a lengthy analysis of the evidence bearing on the prevailing plaintiff's right to attorneys' fees and expenses, and could discuss the law on the subject as it has evolved within the Eleventh Circuit.  At times the Eleventh Circuit has been demanding of trial courts as to the detail they must give in fixing attorneys' fees.  At other times the Eleventh Circuit has recognized that trial judges are entitled to exercise a considerable breadth of judgment on the issue without having to write an exhaustive opinion examining each and every lawyer-hour spent and all possible discrete factors except the lodestar.  The court thinks a publishable opinion, garnished with footnotes, is not justified in this case.  The court, rather, concludes that a reasonable hourly rate for plaintiff's attorney in this case was $200.00.  This conclusion is based largely on the court's personal familiarity with this type of case and the fees reasonably to be anticipated and actually awarded.  The court also concludes that a

substantial portion of the lawyer-hours spent in this case by plaintiff's lawyer were unproductive, even though in some ways justified as probing operations. Lastly, the court concludes that only expenses of $7,500.00 were reasonably spent. In final analysis, the court finds that the lodestar approach is the only approach here appropriate. The court is not in a position to judge, *post hoc*, exactly which depositions and which pleadings were appropriate.

When defendant formally offered to pay, in addition to $5,104.32 in wages, whatever is to be awarded by the court as an attorney's fee under the fee shifting statute here applicable, defendant gave up its opportunity to include what it thought was a reasonable attorney's fee in its Rule 68 offer. With its experience, defendant had no reason to be surprised when the plaintiff's attorney's fee substantially exceeds what the plaintiff received. Furthermore, defendant is lucky that plaintiff's attorney did not engage in the rancorous, and time consuming, and all too usual tactic of exploring defendant's lawyer-hours and hourly rates.

Considering all factors, the court finds that a reasonable attorney's fee and expenses for plaintiff's attorney in this case is $24,000.00.

An appropriate separate order will be entered.

DONE this 15th day of June, 2005.

_____
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE